Eric John Tudela Mafnas
Reg. No. 00483-005
FCI Safford
P.O. Box 9000
Safford, AZ 85548

Pro Se

FILED
Clerk
District Court

JUL 10 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

ERIC JOHN TUDELA MAFNAS,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent(s).

CV 08-0031

Case No: CR-04-00038-001

Memorandum of law in Support of Motion to Vacate Pursuant to Section 28 U.S.C. §2255.

Comes Now, ERIC JOHN TUDELA MAFNAS, movant Pro Se, Pursuant to Title 28 U.S.C. §2255, and shows to this Court as follows:

1) Movant Eric John Tudela Mafnas (herein- after "Mafnas") On about December 2003, Continuing to in or about January 2005, Petitioner was charged in a Nine (9) count indictment with violating Title 18 U.S.C. § 371, which constituted count one (1); Title 18 U.S.C. § 666, which constituted count two(2); Title 21 U.S.C. 846, 841(a)(1), 841(b)(1)(b), which constituted count three(3); Title 21 U.S.C. §841(a)(1) & 841(b)(1)(B), which constituted count four(4); Title 18 U.S.C. § 1001, which constituted count five(5) & (6); Title 18 U.S.C. § 1623, which constituted count seven(7) & eight(8); Title 18 U.S.C. § 3, which constituted count nine(9). Mr. Mafnas was represented at the initial arraignment and trial by Ms. Stephanie G. Flores of the Torres Brother Law Firm.

Before sentencing phrase, attorney Ms.Flores was fired due to a conflict of interest. Attorney at law Mr.Howard G.Trapp was retained during sentencing. He also filed a direct appeal for movant in this case. Trial in this case commenced on August 8, 2005, and lasted approximately seven days. Mafnas was subsequently found guilty on counts 1,2,3,4,5,7 by a jury on August 16,2005.

Pre-trial motion pertaining to continues, motion in limine and motion to suppress were filed and subsequently denied. No motion was filed pertaining to counts 1,2,3,4,5,7, of the indictment.

Mafnas is currently serving the sentence of 235 months at FCI Safford, located in Safford, AZ. Base on the constitutional and procedural errors commited before trial, at trial, and during sentencing. Mafnas's conviction and sentencing shall be void, and the indictment must be dismissed with prejudice.

2) **This conviction was obtained in violation of the Sixth Amendment's right to Ineffective Assistance of Counsel.**

A criminal defendant's right to counsel includes the right to be represented by an attorney with undivided loyalty. see **LOCKHART v. TERHUNE,** 250 F.3d 1223 (9th Cir.2001). Because of the conflict between Mafnas and attorney Ms.Flores, petitioner was unable to exploit his defense fully. Before trial defendant objected to his attorney's representation due to the conflict he had with her. Defendant also informed the court of the conflict between him and Ms.Flores, and that his attorney had represented one of the witness that he wish to call as part of his defense. Attorney refuse to call Mr.Matagolai as a witness due to a prior confidential communication. In this matter a hearing was held, in chambers with judge Wallace Tashima who presided over the matter

2.

and he denied my motion for substitution of counsel. Trial court also violated due precess Clause by excluding me from conference of substitution of counsel. see **BRADLEY v. HENRY**, App. Lexis 11954 (9th Cir. June 22,2005)( Trial court violated due process Clause by excluding accused from in camera conference at which trial court substitued appointed counsel for current, retained counsel). see also **POWELL v. ALABAMA**, 287 U.S.. 45, 77 LED 158, 53 S.Ct. 55 (1932) An accused has a fundamental right to be represented by counsel of his own choice. see **ATLEY v. AULT**, 191 F.3d 865 (8th Cir. 1999) Failure to conduct an adequate inquiry into defense counsel's potential conflict of interest constitutes a violation of the Sixth Amendment right to counsel that requires reversal.

Counsel for defendant also failed to object to two bias jurors who may have not been truthful when reaching the guilty verdicts. One of the jurors **Lillian Basa Cruz**, son was arrested in a murder case were defendant and Co-defendant utlized their informant to help solve the case. Juror **Ms.Christiana Cabrera Duenas**, husband was arrested by DPS official's. see **UNITED STATES v. TURKER**, 137 F.3d 1016(8th Cir.1998)(Evidence of jurors bias and misconduct required evidentiary hearing). During trial attorney Flores also failed to object to the prosecution for seeking additional charges solely yo punish petitioner for exercising a constitutional or statutory right. see **UNITED STATES v. HAMILTON**, 391 F.3d 1066 (9th Cir. 2004) Where defense counsel is absent during critical stage of criminal proceedings, prejudice to defendant is presumed.

See **EXHIBIT A**. Which is a Declaration of attorney Ms.Flores. This declaration of Flores shows that there were some kind of conflict of interest with defendant Mafnas during trial.

**3) Retained counsel was ineffective during trial and counsel ineffectiveness prejudiced defendant.**

In count 2., of the indictment the government charged violation of Title 18 U.S.C. § 666.

Counsel was ineffective for failing to challenge the goverment's interpretation of § 666. The government's proof failed to establish a necessary element of the crime: the existence of a single scheme involving theft of $5,000 worth of cash or property from DPS. See **UNITED STATES v. VALENTINE**, 63 F.3d 459 (6th Cir. 1995) (Government agent must convert more than $5,000 in a single year to violate 18 U.S.C. § 666).

Counsel was ineffective for not arguing that the information in count 1., of the indictment does not criminalize defendant's conduct for three reason: (1) the $5,000 misappropriation threshold was not met; (2) the funds of (Drug dealer 1 and 2 ) were not connected to a federal program;(3) statute exempt employee services.

See **STRICKLAND v. WASHINGTON**, 466 U.S. 668(1984), states: "A defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness,' and (2) that counsel's deficient proformance prejudiced the defendant." Id., at 694.

It is the contention of Mafnas that counsel's failure to argue these very issues pertaining to count 1 and 2, overlooked a critical factor in the government's case. The guilty verdict of count 1 & 2, of the indictment was based on facts neither admitted by the defendant nor proved to a jury. It can be determine that defendant's trial counsel made no attempt, to preserve this very issue for appeal. Had counsel investigated whether defendant stole funds,

4.

petitioner would not have received the two-level enhancement as to count 2, of the indictment. see **LORD v. WOOD**, 184 F.3d 1083, 1093(9th Cir.1999)("A lawyer who fails adequtely to investigate, and introduce into evidence, information that demonstrates his client's factual innocence, or that raises sufficient doubts as to that question to undermine confidence in the verdict, renders deficient performance.") see **EXHIBIT B,** which is trial transcipts page 900, 906, 907 and 909. **EXHIBIT B,** is testimonial statement of Urbano D. Babauta.

Trial counsel was also ineffective for failing to suppress petitioner's statement's that was obtained in violation of his Miranda Rights. This privilege is protect by informing criminal suspects that they have "the right to remain silent," pursuant to **MIRANDA v. ARIZONA,** 384 U.S. 436, 460 (1966). In this case FBI agents failed to terminate interrogation after petitioner question them about his right to an attorney. see **EXHIBIT C.** see **GUIDRY v. DRETKE,** 397 F.3d 306(5th Cir. 2005)(Confession should have been suppressed because police officers failed to honor assertion of right to counsel.; **AVELA v. MARTIN**, 380 F.3d 915 (6th Cir.2004) Confession should have been suppressed because petitioner's naming of attorney, showing business card, and stating that "maybe I should talk to [named attorney" constituted adequate assertion of right to counsel.; **MCGRAW v. HOLLAND,** 257 F.3d 513 (6th Cir.2001) (Police violated Miranda by failing to "scrupulously honor" accused's right to silence). **EXHIBIT C.** is a copy of involuntary statement of Mafnas that was obtained by FBI agents. If trial counsel had filed a motion to suppress these statements defendant would not have received the two-level

5.

enhancement as to count 5, of the indictment. The two level enhancement defendant received was based on a confession made to FBI agents during an interrogation. These confession were obtained in violation of defendant's Miranda rights. See **MARTIN v. MAXEY,** 98 F.3d 844 (5th Cir.1996) (Failure to file a motion to suppress could be grounds for ineffectiveness). In this case counsel's failure to even request a suppression hearing or file a motion at all, partaining to count 5, constitutited deficient performance and prejudiced defendant in this case.

Trail counsel also failed to interview or attempt to interview any of the prosecutions key witnesses ot the case. See **JOHNSON v. BALDWIN,** 114 F.3d 835, 837-40(9th Cir.1997) (holding that defense counsel's failure to talk to more than two witnesses prior to trial constituted deficient performance); **U.S. v. TUCKER,** 716 F.2d 576, 584 (9th Cir. 1983) ( holding that the failure to interview or attempt to interview key prosecution witnesses constitutes deficient performance); **BAUMANN v. U.S.,** 692 F.2d 565, 580 (9th Cir. 1982) ("We have clearly held that defense counsel's failure to interview witnesses that prosecution intends to call during trial may constitute ineffective assistance of counsel.").

Counsel Ms.Flores also never advised petitioner of any global plea offer in this case. Defendant clearly suffered a Sixth Amendment violation when he receives ineffective assistance of counsel.

In order to prove ineffective assistance, Mafnas must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

6.

the proceeding would have been different. **"STRICKLAND"**, 466 U.S. at 668, 694, 104 S.Ct. 2052. A defendant suffers a Sixth Amendment injury where his attorney fails to convey a plea offer.

Defense counsel have constitutional duty to give their clients professional advice on crucial decision of whether to accept a plea offer from the government. See **BORIA v. KEANE**, 99 F.3d 492, 498(2d Cir.1996); **UNITED STATES v. BLAYLOCK**, 20 F.3d 1458 (9th Cir 1994).

Pursuant to 28 U.S.C. §2255, a district court must grant a hearing to determine the validity of petition brought under that section, "[u]nless the motions and files and records of the case conclusively shows that the prisoner is entitled to no relief." **28 U.S.C. § 2255.**

4) **Appellate counsel was ineffective for failing to file issues related to conviction and sentencing. Counsel's deficient performance was prejudicial.**

The guarantees of the Sixth Amendment's right to effective assistance of counsel also extends to the effective assistance of appellate counsel. See **U.S. v. MANNINO,** 212 F.3d 835(3rd Cir. 2000) The **STRICKLAND** test of effective assistance of counsel applies with equal force to analysis of the performance of appellate counsel. See **U.S. v. TOMS,** 396 F.3d 427 (D.C. Cir.2005) The Sixth Amendment right to effective assistance of counsel claim may be raised on a motion to vacate, set aside, or correct a sentence.

On direct appeal Mafnas was represented by attorney Howard G. Trapp, Esq. (here in after "Trapp"). Mafnas communicated, via U.S. mail service, and through family members with Trapp and pointed out serveral issues that defendant wanted addressed in his appeal brief. See **Exhibit D**. U.S. mail and communication.

7.

Defendant requested that Trapp address the issue of the district court denial of counsel's motion to substitute counsel due a conflict of interest. See **DELGADO v. LEWIS,** 181 F.3d 1087, 1092 (9th Cir. 1999) ("Appellate counsel has an ethical [duty] of constitutional dimension to argue zealously those issues that counsel finds not wholly frivolous.")

Trapp couldn't have found this issue frivolous when trail counsel made every attempt to preserve this issue for appeal. Also had counsel reviewed the trial transcripts this very issue would have leaped out in his face. Therefore, he could not have found this issue frivolous. It can be determined from the face of the record that trial counsel made every attempt, but her request was denied. Had Trapp address this issue on appeal it is hightly probable that this motion, §2255 would not be before this court in this instant.

It is clearly established law that the failure to conduct an adequate inquiry into counsel's potential conflict of interest constitutes a violation of the Sixth Amendment right to counsel that requires a reversal. See **ATLEY v. AULT,** 191 F.3d 865 (8th Cir.1999). See also **POWELL v. ALABAMA,** 287 U.S. 45, 77 L.Ed 158, 53 S.Ct. 55 (1932) (An accused has a fundamental right to be represented by counsel of his own choice.

In this case defendant clearly received ineffective assistance of counsel on appeal in violation of his Sixth Amendment rights.

See **LOCKHART v. TERHUNE,** 250 F.3d 1223 (9th Cir. 2001) Defendant's Sixth Amendment right to counsel includes the right to be represented by an attorney with undivided loyalty. See also **KAUFMAN v. U.S,** 394 U.S. 217, 22 L.Ed.2d 227, 89 S.Ct.

8

(1969) Federal Habeas Corpus relief is not to be denied to prisoner's alleging constitutional deprivation solely on the ground that relief should have been sought by appeal.

The Due Process Clause of the Forteenth Amendment guarantees the right to effective assistance of counsel on first appeal as of right. **EVITTS v. LUCEY**, 469 U.S. 387, 396-99(1985).

Appellate Counsel Trapp was ineffective in failing to present claims that was much stronger than the issues he raised on movant's direct appeal. Because direct appeal is a "critical stage" of a proceeding, the defendant should not be procedurally defaulted.

During direct appeal attorney Trapp failed to raise or argue defendant's conviction or sentencing which was clearly ineffective. The Supreme Court has made it clear that in reviewing a lawyer's performance, a court's scrutiny must be highly deferential." **STRICKLAND**, 466 U.S. at 689, 104 S.Ct. 2052.

Because of appellate counsel's ineffectiveness, Mafnas recieved ineffective assistance of counsel on appeal in violation of his Sixth Amendment right. Counsel's error rendered the proceedings "fundamentally unfair and unreliable" in addition to simply showing prejudice. See **CEJA v. STEWART**, 97 F.3d 1246 (9th Cir.1996) Multiple errors, even if harmless indivdually, may entitle petitioner to habeas relief if their cumulative effect prejudice defendant. See also **McCLESKEY v. ZANT**, 499 U.S. 467,497,113 L.Ed.2d 517, 111 S.Ct. 1454, 1471-72 (1991) (Habeas petitioner may excuse procedural bar and abuse of writ by showing cause and prejudice or actual innocence.

Appellate counsel was ineffective for failing to object to application of guildelines that increased Mafnas sentence.

9.

Appellate counsel failed to make any objection to PSR, Counsel at sentencing and on appeal provided ineffective assisstance by failing to challenge the sufficiency of the evidence supporting defendant's conviction for conspiring to distribute, approximately 46 grams of methamphetmine attributed to movant for sentencing purposes. See **WILLIAMS v. TAYLOR**, 529 U.S. 362, 146 L.Ed.2d 389, 120 S.Ct.1495 (2000) Failure to present mitigating evidence during sentencing constituted ineffective assistance. See also U.S. v. MANNINO, 212 F.3d 835 (3rd Cir.2000) The **Strickland** test of ineffective assistance of counsel applies with equal force to analysis of the performance of appellate counsel.

Attorney Trapp also failed to fulfill the constitutionally-imposed duty to consult with defendant about what issues to raise on appeal. He never consulted with me before filing the one and only issue, which also had nothing to do with my conviction or sentence. See **BARNETT v. HARGETT**, 174 F.3d 1128, 1135 (10th Cir. 1999) (deficiency of appellate counsel can be established by showing that counsel failed to raise an issue that was obvious from the trial record); **UNITED STATES v. COOK**, 45 F.3d 388, 395(10th Cir. 1995)(same in § 2255 context); **UNITED STATES v. HEADLEY**, 923 F.3d 1079, 1084 (3rd Cir 1991)(failure to raise obvious and potentially successgul sentencing cannot be said to have been a strategic choice but, rather, amounts to ineffective assistance).

See, e.g., **MURRAY v. CARRIER**, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397(1986)(counsel's errors that rise to constitutional ineffectiveness under the Strickland constitute cause for procedural default. In this case defendant has established the necessary prejudice under **FRADY**, 456 U.S. at 170,102 S.Ct 1584.

Counsel for defendant was ineffective for failing to perfect direct appeal. After sentencing there was a complete lack of communication between Trapp, because he failed to inform defendant of any advantages or disadvantages for appeal. The only issue that counsel filed, was the issue of "punishment inflicted on Mafnas's Fifth Amendment protection against multiple punishment."

In Strickland, the Court stated that, although in the usual case a defendant must establish both that counsel's proformance was deficient and that he was prejudice by that deficiency, "[i]n certain Sixth Amendment contexts, prejudice is presumed." **STRICKLAND**, 466 U.S. at 692, 104 S.Ct. at 2067.

Abandoment is a per se violation of the Sixth Amendment. **UNITED STATES v. CRONIC**. 466 U.S. 648, 658-59, 104 S.Ct. 2039, 2046-47, 80 L.Ed.2d. 657 (1984).

The issue raised in defendant's direct appeal was so frivolous that the judge and the U.S. attorney informed Trapp of the maritless claim. The Sixth Amendment guarantees that the accused shall "have the Assistance of Counsel for his defence." "The plain wording of this guarantee thus encompasses counsel's assistance whenever necessary to assure a meaningful "defence.'" **UNITED STATES v. WADE**, 388 U.S. 218, 225, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967). See **POWELL v. ALABAMA**, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932) (Criminal defendant "requires the guiding hand of counsel at every step in the proceedings against him."); **COLEMAN v. ALABAMA**, 399 U.S. 1, 7, 90 S.Ct. 1999, 2002, 26 L.Ed.2d 387 (1970).

In this case prejudice is presumed because defendant was totaly denied the opportunity to a fair proceeding. Attorney Trapp clearly failed to make a reasonable effort to perfect defendant's appeal.

In **EVITTS v. LUCEY**, 469 U.S. 387, 105 S.Ct. 830, L.Ed.2d 821 (1985), the Court held that the Due Process Clause of the Fourteeth Amendment guarantees a criminal defendant the right to effective assistance of counsel on appeal.

Appellate counsel was ineffective for failing to argue the issue of constructive amendment of the indictment as to count 4.

The indictment charged intent to distribute, approximately 46 grams of methamphetamine. The only evidence the government presented at trial of any drugs being distributed was the statement of Carl Cabrebr. During cross-examination by the government Carl stated "Mafnas sold him a half, .5 or .6 grams of meth on 12 different occasions."

When the government failed to prove the distribution of 46 grams of methamphetamine as to count 4, of the indictment. This clearly violated the Grand Jury Clause of the Fifth Amendment which guarantees that an accused is only required to answer the unique allegations of the indictment returned by Grand Jury. See **RUSSEL v. UNITED STATES**, 369 U.S. 749, 768-771 (1962), See also **U.S. v. McDERMOTT**, 245 F.3d 133 (2d Cir.2001)(Variance between conspiracy charged and proof at trial).

A Constructive amendment occurs when the evidence presented at trial proves a crime different than charged in indictment. See **STIRONE**, 361 U.S. at 217 (Constructive amendment when indictment alleged obstruction of sand importation and evidence introduced showing interferance with still exportation), See **U.S. v. PAZSINT**, 703 F.2d 420, 422-24 (9th Cir.1983) (Amendment of indictment when assault charge added because assault mentioned only in indictment's caption).

12.

Petitioner brings to this court attention that ineffective assistance of trial and appellate counsel supplies the cause needed to excuse his procedural default. See **Mcfarland v. YUKINS**, 356 F. 3d 688,699 (6th Cir. 2004).

In this case trial counsel was ineffective for failing to challenge the sufficiency of the evidence as to count 4., possession with intent to distribute a controlled substance.

Appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to challenge the sufficiency of the evidence as to count 4. In this case trial counsel failed to understand the elements of the charged offense of Title 21 U.S.C. 841(a)(1) and 841(b)(1)(B). because the only evidence the government presented at trial as to count 4., was that Mafnas had posses the 46 grams of methamphetamine. There were no testimony or no evidence to support the jury's verdict that Mafnas intented to distribute the 46 grams in count 4. Trial counsel failed to hold the government to proving that defendant knowingly and intentionally possess with intent to distribute, approximately 46 grams of meth. Counsel failed to argue a lesser punishment under section 841(a)(1) and 841(b)(1)(B), in count 4., of the indictment.

The Due Process Clause of the Fourteeth Amendment guarantees the right of ineffective assistance of counsel on a first appeal as of right. **EVITTS v. LUCEY**, 469 U.S. 387, 396099 (1985) see also **McMANN v. RICHAESON**, 397 U.S. 759, 771 n.14 (1970) (Sixth Amendment right to counsel is right to effective assistance of counsel). The right to effective assistance applies to both retained and appointed counsel.

5) **This Conviction was obtained through Prosecutorial Misconduct and Due Process violation.**

A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. See BORDENKIRCHER v. HAYES, 434 U.S 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604(1978); HERNABDEZ-HERRERA, 273 F.3d 1213,1217 (9th Cir.2001).

To establish a claim of vindictive prosecution, the defendant must make an initial showing that charges were added because the accused exercised statutory, procedural or constitutional right.

In defendant's Presentence Investigation Report("PSI"), the PSI added(+2) level for the loss of more than $5,000.00. Mafnas also received a (+2) point enhancement for embezzling, stealing obtaining by fraud at the value of $5,00.00 and more.

Petitioner's due process right were violated because the government vindictively prosecuted mafnas by stacking the (+2) points for the loss more than 5,000.00 and embezzling, stealing, by fraud at the value of 5,000.00.

The prosecutor also violated due process by sentencing defendant on inaccurate information for druge quantity and quality.

In this case the government nor the sentencing court could not determine the quantity of drugs Mafnas was responsible for under the guidelines merely by relying upon the testimony statement of Carl Cabrera.

> Section 2D1.1 (C) provides for base offense level of 16. when the quantity of Methametamine for which a defendant is found accountable falls between 5 grams ans 10 grams.

The government's witness Carl Cabrera testified that be brought a half, .5 , or .6 of methamphetamine from defendant on 12 different

14.

occasion during the relevant time period. Not one witness ever testified that they bought the 46 grams alleged in count 4. of the indictment. See **MOORE v. UNITED STATES**, 571 F.2d 179, 183-84 and n. 7 (3d Cir. 1978)(due process may require resentencing when information on which sentencing court relied in PSI in mistaken or unreliable.

The government witness Carl Cabrera observed the drugs he claim defendant sold to him, but there were no evidence that he ever weight them his self. In this case Carl was allowed to testify to an accurately amount of drugs sold to him without having actual weight of each pur chase.

> **See Federal Rule of Evidence 602. "Lack of Personal knowledge"  Provides in pertinent Part: A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not , consist of witness' own testimony.**

The government was allowed to Constructively Amemd indictment through its jury instruction No.29. **Exhibit E.**

Because the Fifth Amendment guarantees s defendant the right to be tried for only those offenses presented in anindictment returned by a grnad jury substantive amendments to indictment are reversible error.

See Instruction No. 29.

In this case the government requested, and granted, a jury instruction which added aiding and abetting to the indictment.

The addition of the aiding and abetting allowed the jury to convict on less than all the elements required to convict on a Conspiracy count, Theft, Perjury and Make false Statements charges.

15.

1. This violates the Grand Jury Clause of the Fifth Amendment
2. which guarantees that an accused is only required to answer the
3. unique allegations of he indictment returned by the Grand Jury.
4. See **RUSSELL v. UNITED STATES**, 369 U.S. 749, 768 (1962).
5.    The Supreme Court has explained, an indictment'a main purpose
6. is " to inform the defendant of the nature of the accusation against
7. him. "**RUSSEL**, 369 U.S. at 767.
8.    It is hence well-established that a defendant "cannot be held
9. to answer a charge not contained in the indictment brought against
10. him. "**SCHMUCK v. UNITED STATES**, 489 U.S. 705, 717 (1989).
11.    Conviction obtained in violation of Grand Jury Clause of the
12. Fifth Amemdment (in addition to prosecutorial Misconduct).
13.    The indictment in this case, partaining to count two, clearly
14. reads:
15.    On about April 2002 through about December 2003, in the Disitrict
16. of the Northern Mariana Island and elsewhere, the defendants
17. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, being agents of
18. a State agency, namely, the CNMI Department of Public Safety, an
19. agency that received in excess of $10,000 in federal funding
20. annually, unlawfully, knowingly and intentionally, embezzled,
21. stole, obtained by fraud, and otherwise without authority knowingly
22. converted to the use of persons other then the rightful owner,
23. and intentionally misapplied, property that was valued at $5,000
24. and more, owned by, and under the care, custody and control of
25. the CNMI Department of Public Safety. This is a violation of
26. Title 18, United States Code, Sections 666(a)(1) and 2.
27.    See **Exhibit B.** which is testimony statement of Mr. Babauta,
28. which is a government agent of (AGIU).

**Exhibit B.** Cross-Examination (Urbano D. Barauta)

Transcript page 907 3-4.

Q. You're just telling us that you issued $1000 to Mr.Mafnas for an SIS operation, right?

A. Yes.

Transcript page 907: 21-23.

Q. You're not telling us that Mr.Mafnas stole $1000 from, AGIU, Correct?

A. Yes.

The indictment in this case charged Mafnas with Obtaining over $5,000 in federal funds on about April 2002 through about December 2003.

Amendment occurs when the prosecution or the court either literally or constructively alters the charging terms of an indictment after it has been returned by the grand jury.

Contructive amendment occurs when the evidence presented at trial proves a crime different from that charged in the indictment.

The only evidence that the government could present during defendant's trial of any money stolen or issued was the $1000 that defendant received from AGIU, on June 23, 2003.

During trial AGIU official Mr.Babatua, testified as to whether Mafnas had stole any money from DPS. See Page 907. of Transcripts

See **U.S. v. CHOY**, 309 F.3d 602(9th Cir. 2002)(Even under plain error review, if constructive amendment to indictment prejudice defendant, the conviction must be reversed.; See also **UNITED STATES v. ROSARIO-DIAZ**, 202 F.3d 54(1st Cir.2000) If a court permits a jury to convic a defendant on evidence of a crime not included in the indictments, the constitutional right to grand jury is violated.

Prosecution in this case was allowed to present incarcerated witness' testimony, statement without prior findins of constitutional unavailability, was unreasonable application of clearly established Supreme COurt precedent.

In **CRAWFORD**, the Court held that the Sixth Amendment's Confrontation Clause gives criminal defendant's the right to confront "testimonial" witness statements. 541 U.S. at 68-69, 124 S.Ct. 1354.

In Mafnas case, "testimonial statement" included statements taken by police/FBI officials. During trial the government presented statements of ("Drug Dealer No.1") in count 1. The government's statement of Drug dealer No 1. states that defendant stole $2530 from dealer No. 1. after he was arrested on April 29, 2002.

There were no evidence presented during trial or no testimonial witness presented at trial.

Testimonial hearsay evidence may be admitted over the objection of the defendant only when the common law requirements of "unavailability and a prior opportunity for cross-examination" are met.

In this case, statements of government witness Darrel Quitugua was presented during trial and use to get an indictment as to count 1, and 2, for overt Acts.

The government also presented statements of (Drug dealer No.2) in which he states that Mafnas and Patris stole approximately $3,220 that had been seized from a person arrested for ice trafficking on November 7, 2003.[1]

---

1. There is also a question of whether these statements violates the Sixth Amendment's right to confrontation. See **UNITED STATES v. ORELLANO-BLANCA**, 294 F.3d 1143, 1150 (9th Cir. 2000)

**CONCLUSION**

For the foregoing reasons, and questions of law and facts, Mafnas requests this Honorable COurt to make an Order with findings, facts and conclusion of law. Defendant also request an Order entering the granting of a hearing to make the requisite determinations; that Mafnas be present at the hearing on this instant motion to vacate sentence, pursuant to 28 U.S.C. §2255; that after such determinations the judgment in this case be hereto vacated, and the indictment be dismissed with prejudice, or whatever this Court deems fair and just.

I Eric Mafnas, declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Dated this 28th day of May, 2008

Respectfully Submitted,

By _____
ERIC JOHN TUDELA MAFNAS
REG,NO.00483-005
FCI SAFFORD
P.O. BOX 9000
SAFFORD, AZ 85548