FILED
Clerk
District Court

JUL 21 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil No. 08-0031 |
| ) | (Criminal No. 04-00038-001) |
| Respondent ) | |
| ) | ORDER GRANTING |
| v. ) | PETITIONER NINETY |
| ) | DAYS TO FILE AN AMENDED |
| ERIC JOHN TUDELA MAFNAS, ) | PETITION UNDER 28 U.S.C.§ 2255 |
| ) | |
| Petitioner ) | |
| _____ ) | |

     Petitioner has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] Because the court concludes the motion is insufficient in its present form, the court allows petitioner ninety (90) days from the date of this order to file an amended first petition to address the defects set out below. The government need not respond at this time.

---

[1]

     By order dated February 13, 2008, the court denied petitioner's first request for appointed counsel because he had "given the court no information from which it could weigh petitioner's likelihood of success on the merits or the complexity (or even the general nature) of the legal issues petitioner wishes to raise."

AO 72
(Rev. 08/82)

At the time of his crimes, petitioner was a police officer with the Department of Public Safety, Commonwealth of the Northern Mariana Islands. He was convicted by a jury on four counts of an indictment, one of which involved the theft of drugs from the Public Safety evidence locker, which he subsequently sold on the streets of Saipan. The Honorable Wallace A. Tashima, designated judge, presided at trial; I presided at sentencing as Judge Tashima was unavailable within the meaning of the statute.

Petitioner cites four grounds for relief, all of which claim either ineffective assistance of counsel or prosecutorial misconduct. In the first ground, he complains that his trial counsel had also represented (it is not clear when) a "potential alibi witness," that she failed to object to two biased jurors, and that she failed to object to the prosecutor's misconduct. In the second ground for relief, he alleges that trial counsel failed to adequately prepare and conduct trial, that she failed to file a motion to suppress a statement he had given, that she failed to interview key prosecution witnesses, and that she never advised him of "any global plea offer." In the third ground, petitioner complains that appellate counsel failed to raise issues relating to trial, conviction, and sentencing, failed to raise an issue about substitute counsel at trial, that he failed "to present claims much stronger than issues he raised," that he failed to object to application of sentencing guidelines that increased his sentence, that he failed to object to the presentence report, failed to argue insufficient evidence

to convict, failed "to perfect direct appeal," that he failed to argue constructive amendment of the indictment, and failed to raise the issue of ineffective assistance of trial counsel. Finally, petitioner argues prosecutorial misconduct, claiming that the prosecutor sought additional charges solely to punish defendant, that the prosecutor "sentenc[ed] him on inaccurate information for drug quantity and quality," that the prosecutor constructively amended the indictment through Jury Instruction No. 29, and that the prosecutor violated his Sixth Amendment right to confront witnesses against him.

Petitioner's writ of habeas corpus is insufficient due to his failure to cite specific facts in support of his claims of ineffective assistance by trial and appellate counsel and prosecutorial misconduct. Petitioner's amorphous "laundry list" of alleged failures of counsel is unsupported by specific facts or, in the few instances where facts are mentioned, their relevance is not explained or linked in any meaningful way to the prejudice he claims. Further, his memorandum in support of his motion is a patchwork statement of case law which is, as noted above, unsupported by any relevant facts. In order to avail himself of the extraordinary remedy afforded by 28 U.S.C. § 2255 relief, petitioner must do more than provide the court with general, conclusory complaints and a canned legal brief. It is petitioner's duty to give the court specifics—the who, what, when, where, and why—so as to enable the court to assess the merits of his claims. These factual matters are well

within petitioner's personal knowledge and impose upon him only the burden required by the statute. Rather than denying the petition at this time, the court *sua sponte* grants petitioner ninety (90) days from the date of this order to file an amended first petition to address the defects noted above.

IT IS SO ORDERED.

DATED this 21st day of July, 2008.

*/s/ Alex R. Munson*
ALEX R. MUNSON
Judge